```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
GERSH KORSINSKY,                          :
                                          :   05 Civ. 2791 (DLC)
                         Plaintiff,       :
                                          :   OPINION AND ORDER
          -v-                             :
                                          :
NICHOLAS GODICI, Commissioner of          :
Patents, United States Patent and         :
Trademark Office,                         :
                                          :
                         Defendant.       :
-----------------------------------------X
```

Appearances:

For the Pro Se Plaintiff:

Gersh Korsinsky
1236 49th Street
Brooklyn, New York 11219

For the Defendant:

David N. Kelley
United States Attorney
Kristin N. Vassallo
Assistant United States Attorney
Southern District of New York
86 Chambers Street
New York, New York 10007

DENISE COTE, District Judge:

Plaintiff Gersh Korsinsky ("Korsinsky") has brought this action pursuant to, among other things, the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 et seq., to review a decision by the Commissioner of Patents, United States Patent and Trademark Office ("Commissioner"), who refused to reinstate U.S. Patent Number 4,736,447 ("Patent") after Korsinsky failed to pay

the Patent's maintenance fee.  The Commissioner has moved for summary judgment, claiming that the decision was neither arbitrary nor capricious, and that the remainder of the Complaint should be dismissed for failure to state a claim.  For the following reasons, the motion is granted.

**BACKGROUND**

The following facts are drawn from the administrative record filed by the Commissioner.  According to the Complaint, Korsinsky filed for a patent on a "Video Computer" on August 26, 1985.  The Patent was issued on April 5, 1988.  The maximum term for the Patent was seventeen years from the date of issuance.  Korsinsky was required to pay maintenance fees three and one half years from the date of issuance, and again seven and one half years and eleven and one half years from the date of issuance, in order to prevent the Patent from expiring prematurely.  After a six month grace period lapsed without payment of the first maintenance fee, the Patent expired by operation of law.

On April 29, 2004, Korsinsky filed with the Commissioner a "Petition To Accept Unavoidably Delayed Payment of Maintenance Fee in An Expired Patent" to reinstate the Patent.  Korsinsky explained his failure to pay the maintenance fee by stating that "the notice of maintenance fee was not received," and he included payment of the first maintenance fee.

On May 17, the Commissioner's Office of Petitions issued a decision dismissing Korsinsky's petition because his alleged

failure to receive a maintenance fee reminder was not sufficient to show unavoidable delay, and because he had not included payment of the 7.5 year and 11.5 year maintenance fees. The decision also informed Korsinsky that he could either file a request for reconsideration or request a refund of the first maintenance fee he had submitted. The decision noted that if Korsinsky chose to file a petition for reconsideration, he would have to

> supply <u>any</u> and <u>all</u> relevant information and documentation with his request for reconsideration. The Commissioner's decision will be based solely on the administrative record in existence. Petitioner should remember that it is not enough that the delay was unavoidable; petitioner must <u>prove</u> that the delay was unavoidable. A petition will not be granted if the petitioner provides insufficient evidence to "show" that the delay was unavoidable. Therefore, if the request for reconsideration is filed, it must establish that the entire delay in the submission of the maintenance fee was unavoidable.

(Emphasis in original.) The decision also noted that the deadline for filing a request for reconsideration was two months from the date of the decision, and that any request had to be accompanied by a non-refundable petition fee of $130 and the remaining $2,655 in outstanding maintenance fees.

On June 1, Korsinsky filed a request for a refund of his maintenance fee. On September 8, Korsinsky filed an untimely petition for reconsideration, alleging that he had not paid the maintenance fees because all of his assets were controlled jointly by his wife, who would not permit him to pay the fees. He included an affidavit from his wife stating that she had previously prevented him from paying the fees, but that she

3

changed her mind after it became apparent that the Microsoft Corporation was infringing her husband's patent.  He also included the remaining 7.5 and 11.5 year maintenance fees that he had failed to pay up to that point.

On October 4, the Commissioner issued a Request for Information ("RFI"), which notified Korsinsky that his petition for reconsideration was untimely, informed him that the Commissioner would not consider his request for reinstatement unless he supplied evidence "to establish that the instant petition should not be dismissed as untimely," and directed Korsinsky to provide evidence demonstrating that the delay in paying the maintenance fees was not intentional or avoidable.

On October 28, Korsinsky submitted a response to the RFI, stating that he did not pay the maintenance fees because he did not receive the maintenance fee reminder, his wife prevented him from paying the maintenance fees, and he did not want to publicize "family secrets."  Korsinsky explained that he failed to file his petition for reconsideration within the two-month time limit because his wife opposed paying a large sum of money for reconsideration, but changed her mind when Korsinsky discovered infringement in August 2004.  Korsinsky also submitted a photocopy of a handwritten "Agreement" dated December 30, 1984 and allegedly signed by Korsinsky and his wife, that is not witnessed or notarized, and which provides, in its entirety, "Agreement between Gersh Korsinsky and his wife Helen Korsinsky for a joint ownership of the house, located 5515 Fort Hamilton

4

Parkway, Brooklyn, New York 11219. All future investment and like will be by joint agreement and authorization only." Korsinsky also submitted three separate affidavits from his wife, all dated October 12, 2004, stating, respectively, that she opposed paying the maintenance fees, that she authorized payment of $1,155 in fees after a possible infringement was discovered, and that she now authorized Korsinsky to pay all fees necessary to reinstate the patent.

In a decision dated February 15, 2005 ("Decision"), the Commissioner denied Korsinsky's petition for reconsideration, noting that his petition was untimely, he had failed to submit a request for a waiver of the time limit for his petition for reconsideration as well as the required fee for such a request. The Commissioner also noted that in any event Korsinsky's claims were meritless because he had not proven the authenticity of the Agreement, that the Agreement prevented him from paying the maintenance fees, or that the entire delay in payment of fees was unavoidable.

Procedural History

Korsinsky commenced this action on March 11, 2005, alleging among other things that the expiration of the Patent for failure to pay maintenance fees was an "automatic confiscation [of] property without notification," and seeking review of the Decision pursuant to the APA. Korsinsky amended his complaint on May 13, adding claims under the Paperwork Reduction Act ("PRA"),

5

Privacy Act, Freedom of Information Act ("FOIA"), and the Takings Clause of the U.S. Constitution.

**DISCUSSION**

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination the court must view all facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on the "mere allegations or denials" of the movant's pleadings. Rule 56(e), Fed. R. Civ. P.; accord Burt Rigid Box, Inc. v. Travelers Property Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2002).

Administrative Review

Review of a decision of the Commissioner to deny a petition to reinstate an expired patent for failure to pay maintenance fees is governed by the APA. See Ray v. Lehman, 55 F.3d 606, 608 (Fed. Cir. 1995). The APA provides for judicial review of

6

"final" federal agency actions. 5 U.S.C. § 704. See <u>Lujan v. Nat'l Wildlife Fed'n</u>, 497 U.S. 871, 882 (1990). Under the APA, a court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2). <u>See also</u> <u>Dickinson v. Zurko</u>, 527 U.S. 150, 164 (1999). "The arbitrary and capricious standard . . . is highly deferential. This standard requires a reviewing court to sustain an agency action evincing rational reasoning and consideration of relevant factors." <u>Advanced Data Concepts, Inc. v. United States</u>, 216 F.3d 1054, 1058 (Fed. Cir. 2000). When applying this standard, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." <u>Camp v. Pitts</u>, 411 U.S. 138, 142 (1973). "Generally, a court reviewing an agency decision is confined to the administrative record compiled by that agency when it made the decision." <u>Nat'l Audubon Soc'y v. Hoffman</u>, 132 F.3d 7, 14 (2d Cir. 1997). <u>See also</u> <u>Advanced Data Concepts</u>, 216 F.3d at 1057.

In order for a patent to remain in effect, the patent owner must pay maintenance fees at various points after the patent is issued. 35 U.S.C. § 41(b). The first due date for a maintenance fee is three years, six months after the patent is issued; successive fees are due seven years, six months after the patent is issued, and again at eleven years, six months after the patent is issued. <u>Id.</u> "Unless payment of the applicable maintenance

fee is received in the Patent and Trademark Office on or before the date the fee is due or within a grace period of 6 months thereafter, the patent will expire as of the end of such grace period." Id.

> The Director may accept the payment of any maintenance fee required by subsection (b) of this section which is made within twenty-four months after the six-month grace period if the delay is shown to the satisfaction of the Director to have been unintentional, or at any time after the six-month grace period if the delay is shown to the satisfaction of the Director to have been <u>unavoidable</u>. If the Director accepts payment of a maintenance fee after the six-month grace period, the patent shall be considered as not having expired at the end of the grace period.

35 U.S.C. § 41(c)(1) (emphasis supplied).

A patentee who fails to pay the required maintenance fee on a patent bears the burden of showing that his delay in payment was unavoidable. <u>See</u> <u>Ray</u>, 55 F.3d at 608. Any petition to accept an unavoidably delayed payment of a maintenance fee must include the required maintenance fees and applicable surcharge, evidence "that the delay was unavoidable since reasonable care was taken to ensure that the maintenance fee would be paid timely and that the petition was filed promptly after the patentee was notified of, or otherwise became aware of, the expiration of the patent," and an explanation of "the steps taken to ensure timely payment of the maintenance fee, the date and the manner in which patentee became aware of the expiration of the patent, and the steps taken to file the petition promptly." 37 C.F.R. §§ 1.378(b)(1)-(3). <u>See also</u> <u>Ray</u>, 55 F.3d at 608. This requires showing that he "exercised the due care of a reasonably prudent

8

person." Ray, 55 F.3d at 609. "[T]he word 'unavoidable' should apply to ordinary human affairs, and . . . it requires no more or greater care or diligence than is generally used and observed by prudent and careful men in relation to their most important business." Futures Tech., Ltd. v. Quigg, 684 F. Supp. 430, 431 (E.D. Va. 1988). See also In re Mattullah, 38 App. D.C. 497, 514 (D.C. Cir. 1912); R.R. Donnelley & Sons Co. v. Dickinson, 123 F. Supp. 2d 456, 459 (N.D. Ill. 2000).

Regulations promulgated by the Commissioner govern reconsideration of a decision to deny a petition to reinstate a patent:

> Reconsideration of a decision refusing to accept a maintenance fee upon petition . . . may be obtained by filing a petition for reconsideration within two months of, or such other time as set in the decision refusing to accept the delayed payment of the maintenance fee. Any such petition for reconsideration must be accompanied by [a] petition fee . . . . After the decision on the petition for reconsideration, no further reconsideration or review of the matter will be undertaken by the Director.

37 C.F.R. § 1.378(e). An extension of the two month filing deadline for the petition for reconsideration may be obtained in "an extraordinary situation, when justice requires," provided that the patentee file a petition for a waiver of the deadline and an accompanying petition fee. 37 C.F.R. § 1.183.

The Decision was the Commissioner's final agency action in this matter. It is undisputed that Korsinsky filed his petition for reconsideration two months late, and failed to request a waiver of the time limit or pay the petition fee for such a waiver request. Thus, by operation of regulation, the

Commissioner was entitled to deny Korsinsky's petition. This, by definition, was not arbitrary or capricious. Moreover, even if Korsinsky had filed his petition for reconsideration in a timely manner, it was not arbitrary or capricious to deny the petition. Korsinsky's original petition to reinstate the Patent explained that Korsinsky had not paid his maintenance fees because he had not received any reminders from the Commissioner -- in other words, he was not aware of the need to pay such fees. Korsinsky's petition for reconsideration flatly contradicted this original claim, as it alleged that Korsinsky was aware of the need to pay the fees, but was prevented from doing so by his wife due to the Agreement. As the Decision correctly noted, Korsinsky failed to establish the authenticity of the Agreement, failed to raise its alleged existence in the first petition, and failed to show that the Agreement, even if authentic, actually prevented him from paying the maintenance fee. Korsinsky also failed to enumerate any steps he took to try to ensure that he timely paid the maintenance fees. Under these circumstances, the Decision was neither arbitrary nor capricious.

To the extent that Korsinsky relies on an affidavit of David W.R. Brown and its accompanying exhibits, it is material outside the administrative record and may not be considered, and in any event is irrelevant to these proceedings. For all of these reasons, the Commissioner's decision on Korsinsky's petition for reconsideration is affirmed.

Takings Clause

Korsinsky also claims that the expiration of the Patent for failure to pay maintenance fees constitutes an unlawful government taking in violation of the Takings Clause of the Fifth Amendment to the U.S. Constitution; the Commissioner moves to dismiss this and the remainder of Korsinsky's Amended Complaint for failure to state a claim. To dismiss an action pursuant to Rule 12(b)(6), Fed. R. Civ. P., a court must determine that "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." Scutti Enters., LLC v. Park Place Entm't Corp., 322 F.3d 211, 214 (2d Cir. 2003) (citation omitted). In construing the complaint, the court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor." Id. If it is clear, however, that "no relief could be granted under any set of facts that could be proved consistent with the allegations," the complaint should be dismissed. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514 (2002).

The Fifth Amendment prohibits the Government from "taking private property for public use without just compensation." Palazzolo v. Rhode Island, 533 U.S. 606, 617 (2001). See also U.S. Const. amend. V; Kelo v. City of New London, 125 S. Ct. 2655, 2658 n.1 (2005). A plaintiff's "property interest in a patent accrues only after it has satisfied all mandatory conditions." Figueroa v. United States, 57 Fed. Cl. 488, 502

(2003). If a patent expires because a maintenance fee is not paid, "it is not that plaintiff's personal property is taken away . . . but rather the conditions of the privilege are no longer satisfied." Id. at 502-03. Thus, a plaintiff has no "independent property interest apart from satisfying all conditions imposed by Congress." Id. at 503.

Korsinsky therefore does not retain a property interest in the Patent, because he failed to comply with mandatory conditions for the Patent's existence. Accordingly, the expiration of the Patent cannot constitute an unlawful taking, and Korsinsky's claims based on the Takings Clause are dismissed.

Paperwork Reduction Act

Korsinsky argues that the form used by the Commissioner to collect information for a petition to reinstate a patent under 37 C.F.R. § 1.378(b), PTO/SB/65, does not comply with the PRA, and that therefore this Court should "undo all of the penalties" based on the Commissioner's use of a flawed form. The PRA only authorizes litigants to use its protections as a defense -- it does not authorize a private right of action. See 44 U.S.C. § 3512(b); Teledyne, Inc. v. United States, 50 Fed. Cl. 155, 190 (2001). Therefore, Korsinsky cannot sue based on the PRA to invalidate the Commissioner's decision as he does in the Amended Complaint. In any event, the applicable form to which Korsinsky refers, PTO/SB/65, complies with the PRA by displaying a valid control number assigned by the Director of the Office of

Management and Budget and by stating that "[u]nder the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number." See 44 U.S.C. § 3512(a). Korsinsky's claims based on the PRA are dismissed.

Privacy Act

Korsinsky argues that the Commissioner violated the Privacy Act by requiring him to reveal personal family information in order to prove an unavoidable delay and reinstate the Patent, and then making that information public as part of the Patent's file. He also contends that a required Privacy Act statement was missing from the PTO/SB/65 form.

The Privacy Act permits federal agencies to release records to the public where such disclosure constitutes a "routine use." 5 U.S.C. §§ 552a(b)(3), (e)(4)(D). The Commissioner's system of records provides notice that records concerning issued patents are "open to public inspection" as a "routine use." 46 Fed. Reg. 63498, 63548-49 (Dec. 31, 1981). The Privacy Act requires agencies keeping records to "inform each individual whom it asks to supply information, on the form which it uses to collect the information or on a separate form that can be retained by the individual" of, among other things, the routine uses which may be made of the information. 5 U.S.C. § 552a(e)(3). The Commissioner provides a Privacy Act Statement on a separate form that states that "[a] record from this system of records may be

13

disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151." The Statement goes on to state that "a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent." Applicable regulations also state that specifications, drawings, and all papers relating to a patent filing are "open to inspection by the public." 37 C.F.R. §§ 1.11, 1.14(a)(1)(I).

The Commissioner did not violate the Privacy Act by placing Korsinsky's information in the public record because such an action is authorized as a routine use of that information. Likewise, the Commissioner's Privacy Act Statement does not have to appear on the PTO/SB/65 form, but rather, can be made available in a separate document, which the Commissioner has done. Korsinsky therefore fails to state a claim based on a violation of the Privacy Act.

Freedom of Information Act

Korsinsky argues that the Commissioner has denied access or otherwise withheld documents in violation of FOIA. FOIA grants federal courts "jurisdiction to enjoin [an] agency from withholding agency records and to order the production of any

14

agency records improperly withheld from [a] complainant." 5 U.S.C. § 552(a)(4)(B). In order to state a claim under FOIA, however, a plaintiff must allege that a request for records was made to an agency and the agency improperly withheld records responsive to this request. See Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980); Goldgar v. Office of Admin., Exec. Office of the President, 26 F.3d 32, 34 (5th Cir. 1994).

Korsinsky does not allege, however, that the Commissioner ever denied him access to the file for the Patent, or even that he requested any documents from the Commissioner. The Commissioner has no record of any FOIA request made by Korsinsky relating to the Patent. Consequently, Korsinsky fails to state a claim for a violation of FOIA.

## CONCLUSION

The motion for summary judgment is granted. The Clerk of Court shall enter judgment for the defendant and close the case.

SO ORDERED:

Dated: New York, New York
September 22, 2005

_____
DENISE COTE
United States District Judge

15